

**FILED**
**Aug 09, 2019**
**10:44 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Michael Kassmieh | ) | Docket No.  2018-05-1079 |
| | ) | |
| v. | ) | State File No. 54818-2017 |
| | ) | |
| NEIS, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Robert V. Durham, Judge | ) | |

---

### Affirmed and Remanded

---

In this interlocutory appeal, the employee suffered a head injury when he inadvertently walked into a glass panel, hitting his right eye on the metal door frame.  The employee received authorized medical treatment for the injury but claimed he was entitled to additional medical care and disability benefits.  After an expedited hearing, the trial court determined the medical evidence did not support ordering the employer to provide additional benefits.  The employee subsequently obtained a causation opinion from a physician and requested a second expedited hearing.  Following the second expedited hearing, the trial court again concluded the employee's medical proof was insufficient for the court to determine the employee would likely prevail at trial in establishing causation and denied the requested benefits.  The employee has appealed.  We affirm the trial court's decision and remand the case.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge Timothy W. Conner joined.

Michael Kassmieh, Murfreesboro, Tennessee, employee-appellant, pro se

Catherine Dugan, Brentwood, Tennessee, for the employer-appellee, NEIS, Inc.

**Memorandum Opinion**[1]

Michael Kassmieh ("Employee"), a resident of Murfreesboro, Tennessee, worked as an auditor for NEIS, Inc. ("Employer"). On July 19, 2017, he was injured in the course and scope of his work when he inadvertently walked into a glass panel while exiting a conference room and hit his right eye on the metal door frame. Because of continuing pain, bruising, and swelling, he went to the emergency room five days later. The results of a CT scan were normal, and Employee was diagnosed with a concussion.

Employer accepted the claim as compensable and provided Employee with a panel of neurologists from which he chose Dr. William Strickland. After an evaluation, Dr. Strickland diagnosed Employee with a traumatic head injury and ordered an MRI that revealed chronic sinusitis but "no other acute abnormality." Dr. Strickland prescribed pain medication and took Employee off work for one week, noting in the report that he did so at Employee's request and stating he "would expect most patients with similar trauma to have returned to work within a few days after the injury."

At Employee's next visit, Dr. Strickland allowed Employee to return to work. However, because Employee complained of severe right eye pain, Dr. Strickland referred him to an ophthalmologist. Employer provided another panel from which Employee selected Loden Vision Centers where he was seen by Dr. Camille Barberic. Dr. Barberic suggested that Employee see a neurologist for his pain, stating she "[d]id not find any inflammation in the eye and no ocular etiology . . . for [Employee's] pain." Employee returned to Dr. Strickland who concluded that he had no further treatment to offer. Dr. Strickland recommended Employee see a second neurologist to "make sure nothing [was] missed in his evaluation."

Employer then authorized an appointment with another neurologist, Dr. Steven Graham. At his initial visit with Dr. Graham, Employee complained of ongoing symptoms including headaches and persistent burning and aching from his right eye to his right ear. After conducting an examination, Dr. Graham's impression was "persistent post-traumatic headache . . . with a normal neurological examination." He prescribed Gabapentin and allowed Employee to return to work without restrictions.

At a follow-up appointment, Employee informed Dr. Graham that his headaches had improved but that he did not return to full-work duty because of continued eye pain. Dr. Graham reported that, neurologically, Employee was at maximum medical improvement and that there was no long-term neurological disability present. Employee subsequently sought treatment from another neurologist, Dr. Joy Derwenskus.

---

[1] "The Appeals Board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the Board deems appropriate, in cases that are not legally and/or factually novel or complex." Appeals Bd. Prac. & Proc. § 1.3.

In October 2018, Employee filed a petition requesting additional medical treatment and disability benefits. Following an expedited hearing, the trial court determined Employee was unlikely to prevail at trial in establishing causation for his current complaints, as he did not offer a medical opinion demonstrating any causal connection between his work injury and his ongoing complaints. The court noted that only Dr. Graham had addressed causation, expressing his opinion that Employee's complaints were out of proportion to his injury and the work injury warranted no further treatment from a neurological standpoint. Additionally, the court noted that, as an authorized physician, Dr. Graham's causation opinion was statutorily presumed to be correct.

Soon thereafter, Employee filed a second petition for benefits and submitted a letter from Dr. Derwenskus addressing Employee's injury. In the letter, Dr. Derwenskus opined that, "[g]iven [Employee's] history, it is *likely* the persistent headaches are *related* to the injury he sustained when walking into the door frame. He denies having headaches prior to this." (Emphases added.)

Following a second expedited hearing, the trial court again denied benefits, concluding Employee failed to establish that he is likely to prove causation at trial for his ongoing symptoms. The court's order stated that "Dr. Derwenskus's opinion that [Employee's] headaches are 'likely related' does not meet the requirement that the symptoms arose *primarily* out of the work injury," adding that the opinion in the letter was insufficient to rebut Dr. Graham's opinion that Employee's current complaints are not related to his work injury. Employee has appealed the trial court's denial of benefits.

Although Employee attempts to raise multiple issues in his notice of appeal, he failed to file a brief on appeal or otherwise provide any meaningful argument or legal authority to support his position, and we decline to do so for him. *See Sneed v. Bd. of Prof'l Responsibility of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010) ("It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her."). Were we to search the record for possible errors and raise issues and arguments for Employee, we would be acting as his counsel, which the law prohibits. *Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015).

Moreover, Employee has not filed a transcript of the expedited hearing or a joint statement of the evidence. *See* Tenn. Comp. R. & Regs. 0800-02-22-.03(1) (2018). Accordingly, we presume the trial court's factual findings were supported by sufficient evidence. *See Leek v. Powell*, 884 S.W.2d 118, 121 (Tenn. Ct. App. 1994).

We note that Employee is self-represented in this appeal, as he was in the trial court. Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000). However, as explained by the Court of Appeals,

courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. . . . Pro se litigants should not be permitted to shift the burden of the litigation to the courts or to their adversaries.

*Hessmer v. Hessmer*, 138 S.W.3d 901, 903-04 (Tenn. Ct. App. 2003) (citations omitted).

In the present case, we cannot and will not craft an argument to support Employee's appeal. Accordingly, the trial court's decision is affirmed, and the case is remanded. Costs on appeal are taxed to Employee.



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Michael Kassmieh | ) Docket No.  2018-05-1079 |
| | ) |
| v. | ) State File No.  54818-2017 |
| | ) |
| NEIS, Inc., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Robert V. Durham, Judge | ) |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 9th day of August, 2019.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Sent to: |
|---|---|---|---|---|---|---|
| Michael Kassmieh | | X | | | X | 3101 Lancelot Drive Murfreesboro, TN 37127 mkas2734@gmail.com |
| Catherine Dugan | | | | | X | cate@petersonwhite.com |
| Robert V. Durham, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | penny.patterson-shrum@tn.gov |

*O. Yearwood*

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov